UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: CROWNOVER ) | |
| ) | Case No.:92-CV-20432-JW |
| ) | |
| ) | ORDER DENYING ADMINISTRATIVE REQUEST TO SEAL |

Before the court is Joan Crownover's ("Ms. Crownover") request to seal the case files in three cases from the early to mid-1990s. On November 25, 2014, Ms. Crownover filed a request with this Court to seal all records and documents associated with three cases: 92-CV-20432-JW; 93-CV-20234-JW; and 95-CV-20532-JW.[1] *See* ECF No. 46. According to Ms. Crownover, these cases may be related to lawsuits involving Ms. Crownover's son and his medical condition.

In general, there is "a strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Where, as here, a party seeks to seal case files in their entirety, courts have generally required that party to show "compelling reasons." *See Doe v. Lee*, 2014 WL 630936, at *2 (N.D. Cal. Feb. 18, 2014) (applying compelling reasons standard to motion to seal entire case file); *Blow v. Bureau of Prisons*, 2010 WL 5822047,

---

[1] Ms. Crownover also requested that the Court seal two opinions issued by the Ninth Circuit Court of Appeals: *Crownover v. Phillips*, 15 F.3d 1084 (9th Cir. 1993) and *Crownover v. Apple Computer, Med.*, 129 F.3d 125 (9th Cir. 1997). ECF No. 1. This Court does not have the authority to seal opinions of the Ninth Circuit. Rather, requests to seal these documents must be directed to the Ninth Circuit. Ms. Crownover also requests that this Court issue an order to "Remove ANY MENTION OF THESE CASES from any Internet website, and from allowing Internet Search Engines to display them in any way whatsoever in their search results." *Id*. This Court cannot grant Ms. Crownover the relief that she seeks.

Case No.: 92-CV-20432
ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL

at *1 (E.D. Cal. Feb. 12, 2010) (stating that to seal an entire case file, "the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.") Under this standard, a party must demonstrate "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret[s]." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

In addition, a party moving to seal documents must comply with the procedures established by Civil Local Rule 79-5.[2] Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document or material at issue is "sealable," or "privileged or protectable . . . or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). In addition, "[t]he request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L. R. 79-5(d)." *Id.* Civil Local Rule 79-5(d) requires that a party seeking to seal documents file an administrative motion, accompanied by, among other things: (1) a declaration establishing that the document sought to be sealed is in fact sealable; (2) a redacted version of the document that is sought to filed under seal; and (3) an unredacted version of the document which indicates, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version. Civ. L. R. 79-5(d).

Here, Ms. Crownover seeks to seal entire case files, based on her concern that these files may contain information about her son's medical condition. *See* ECF No. 45. Each case which Ms. Crownover seeks to seal has a voluminous docket, with between 45 to 63 filings in each one. It is not clear to the Court, based solely on Ms. Crownover's request, which of these filings contain information of concern to Ms. Crownover. Nor is it clear to the Court that each case file necessarily

---

[2] A copy of Civil Local Rule 79-5 is available at http://www.cand.uscourts.gov/localrules/civil.

contains information relevant to Ms. Crownover's request.[3] Indeed, Ms. Crownover in her request to seal states that she is also unsure of the contents of these case files. ECF No. 45, at 1. Accordingly, because neither the Court nor Ms. Crownover can identify what documents contain the pertinent information at this time, Ms. Crownover's request does not comply with the Civil Local Rules requiring sealing requests to be narrowly tailored to seek sealing only of sealable material. Based on this, the Court cannot grant a blanket request to seal entire case files.

The Court encourages Ms. Crownover to, if possible, identify specific portions of individual documents that she wishes to have sealed, and to re-submit her request. In addition, Ms. Crownover must otherwise comply with the requirements of Civil Local Rule 79-5, as previously discussed. Ms. Crownover must also provide specific reasons why any portion of any document should be sealed.

To receive legal assistance, the Court refers Ms. Crownover to the Federal Legal Assistance Self-Help Center ("FLASH") at the San Jose Courthouse, located at 280 South 1st Street, 2nd Floor, Room 2070, San Jose, CA 95113, Phone: 408-998-5298, ext. 311.

Ms. Crownover's request to seal is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: January 7, 2015

_____
LUCY H. KOH
United States District Judge

---

[3] The Clerk's Office has represented that the case files for 92-CV-20432-JW, 93-CV-20234-JW, and 95-CV-20532-JW (the three cases Ms. Crownover seeks to seal) are stored off-site and are not in the San Jose Courthouse. The Court also could not locate information about these three cases on the Internet.

Case No.: 92-CV-20432
ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL